## THE PEOPLE *v.* ANTONIO CHARES.

INSTRUCTIONS TO JURY IN CRIMINAL CASES.—The giving of an oral instruction to the jury in a criminal case is error, unless the defendant consents. The consent of the defendant cannot be presumed from his presence and failure to make objection when the oral instruction is given.

APPEAL from the County Court, Santa Clara County.

The facts are stated in the opinion of the Court.

*B. B. Kingsbury*, for Appellant.

*J. G. McCullough, Attorney-General*, for Respondent.

By the Court, RHODES, J.

The defendant was indicted for an assault with the intent
to commit murder.   After the jury had retired to consider of
their verdict, they were returned into Court, at their request,
for further instructions, and the Court gave them oral instruc-
tions in explanation of the instructions previously given.   The
defendant was present, but neither consented nor objected
thereto.   The District Attorney was not present.   The defend-
ant now assigns for error, the giving of the instructions orally.

It is provided, in section three hundred and sixty-two of the
Criminal Practice Act, that the charge to the jury "shall be
reduced to writing before it is given; and in no case shall any
charge or instruction be given to the jury otherwise than in
writing, unless by mutual consent of the parties."   This pro-
vision has been repeatedly held to be mandatory.   The cases
are numerous and uniform to the point that the giving of an
oral charge or instruction to the jury, in a criminal case, with-
out the consent of the defendant, is error, and that his consent
cannot be presumed from his presence and failure to make the
objection, when the oral instruction is given.   (*People* v. *Payne*,
8 Cal. 341–344; *People* v. *Demint*, 8 Cal. 423; *People* v. *Ah
Fong*, 12 Cal. 345; *People* v. *Woppner*, 14 Cal. 437.)

Judgment reversed and the cause remanded for a new trial.