PEOPLE, Respondent, v. SILVA, Appellant.

No. 978; May 31, 1866.

**Criminal Law—Oral Instruction.**—Without the Consent of the defendant, it is error for the court to give an oral instruction to the jury in a criminal case.

SAWYER, J.—The defendant was indicted and tried for an assault with intent to commit murder. The jury having returned a verdict which the court regarded as ambiguous, in not designating with sufficient precision which of the offenses of different grades defined in the section of the statute under which the indictment was framed, gave further instructions and sent the jury out to rectify their verdict in this particular. After consulting for an hour or more without being able to determine the offense of which they found the defendant guilty, the jury were again brought before the court, and after some conversation between the court, counsel and jurors, the foreman remarked that "some of the jurors do not know for what crime the defendant is indicted." Thereupon the court read the section under which the indictment was framed, and, after some further conversation, gave them oral instructions as to what crime was charged in the indictment, to all of which defendant excepted. This oral instruction was erroneous under the provisions of section 362 of the Criminal Practice Act as heretofore construed by this court and by our predecessors: People v. Chares, 26 Cal. 78; People v. Woppner, 14 Cal. 437, and cases cited.

For this error the judgment and the order denying a new trial must be reversed, and a new trial granted, and it is so ordered.

We concur: Sanderson, J.; Shafter, J.; Currey, C. J.; Rhodes, J.