### FRANK SWAGGART V. TERRITORY OF OKLAHOMA.

(Filed July 30, 1897.)

1. INDICTMENT—*Sufficiency Of.* The indictment in this case is suffici-
ent in all respects to sustain a conviction for permitting a build-
ing which the defendant owned and controlled to be used as a
place for persons to visit for the purpose of unlawful sexual
intercourse.

2. ORAL INSTRUCTIONS—*Error to Give, When.* The giving of oral in-
structions to the jury in a criminal case without the consent of
the defendant, the consent of the defendant thereto cannot be
presumed from his presence and failure to make objection, when
the oral instruction is given, is error.

3. SAME—*Not Reviewed in this Court, When.* An error of the trial
court in instructing the jury orally in a criminal case and not
reducing his instructions to writing before giving them to the
jury will not be reviewed on appeal unless presented to the trial
court for review by motion for a new trial.

4. SAME—*Substantial Rights Not Affected.* The court having instructed
the jury orally, the defendant and counsel being present and not
objecting, reserving no exceptions, and the instructions having
been immediately reduced to writing and appearing in the record,
and no error appearing in them, the case is one in which the
substantial rights of the defendant were not affected, and the
case will not be reversed for such error.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before
John C. Tarsney, District Judge.*

*E. J. Simpson* and *Jno. H. Pitzer,* for plaintiff in error.

*T. H. Reed,* for defendant in error.

#### STATEMENT OF THE CASE.

On the 12th day of December, 1895, the grand jury of
Canadian county presented Frank Swaggart, the defend-
ant below, upon an indictment charging him with per-
mitting a building to be used for the purpose of prosti-

tution. A demurrer to the indictment was overruled, and submitted to a jury, a demurrer to the evidence offered in behalf of the Territory overruled, and the jury instructed, retired and returned with a verdict of guilty. The court instructed the jury orally. Afterward the defendant filed his motion for a new trial, because, (1) the court erred in misdirecting the jury in "a matter of law" and erred in his decision of the questions of law arising at the trial; and (2) that the verdict is contrary to the law and evidence, which was overruled. Afterward the defendant filed his motion in arrest of judgment upon the grounds, (1) that the verdict of the jury is in violation of both the law and evidence, and (2) that the court erred in instructing the jury orally, and that said instructions were erroneous in this, that the presiding judge commented on the evidence; and (3) that the defendant was not permitted, either by himself or counsel, to be heard in argument before the jury, not having waived the right. The motions respectively were overruled, and exceptions reserved. The defendant was sentenced to pay a fine of $300 and to stand committed to the county jail of Canadian county until the same was paid.

Opinion of the court by

McAtee, J.: The case is brought here upon assignment of error, (1) that the court erred in overruling the motion to quash the indictment, and (2) in overruling the objection of the defendant to the introduction of testimony, and (3) in giving oral instructions to the jury without the consent of the defendant, and (4) in giving subsequent oral instructions to the jury, after the jury had returned for their deliberation, and being called into open court without the consent of the defendant.

Upon the first assignment of error, no defect in the indictment is pointed out in the brief of the plaintiff in error, nor is there any. The indictment is in proper form in all respects, charging, as it does, that the defendant unlawfully, willingly and knowingly allowed and permitted a building, (describing the building) which he owned and controlled, to be used as a place for persons to visit for the purpose of unlawful sexual intercourse. The indictment is upon a statute which declares that, every person who lets any building or portion of any building, knowing that it is intended to be used for any purpose declared punishable by this chapter, or who otherwise permits any building or portion of building to be so used, is guilty of a misdemeanor. Among the purposes declared punishable by the chapter are the keeping of "any other house or place for persons to visit for unlawful sexual intercourse."

The second assignment of error is overruled upon the same ground. No suggestion being offered in support of it, except the insufficiency of the indictment.

Upon the third assignment of error, that the court erred in giving oral instructions to the jury without the consent of the defendant, the Statutes of 1893 provide, sec. 5196, paragraph 6, that:

"All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case."

The question has been repeatedly passed upon by the supreme court of California upon a statute which provides, that: "Such charge shall be reduced to writing, or instruction be given to the jury, otherwise than in writing, unless by the mutual consent of the parties."

Upon this statute it was said in *People v. Beder*, 6 California 246, that:

"The rule prescribed by the statute is mandatory and not directory."

The judgment was reversed because the statute was not observed by the court below.

In *People v. Payne*, 8 Cal. 341, an instruction had been given in writing, but a verbal qualification had been added, and the judgment was reversed.   In *People v. Demint*, 8 Cal. 423, the judgment was reversed upon the sole ground of non-compliance with the statute in respect to reducing the charge of the court to writing, before it was given to the jury.   In *People v. Ah Fong*, 12 Cal. 345, the judgment was reversed here on the same ground, Baldwin, J., delivering a somewhat elaborate opinion to the effect that a charge given, not in writing at the time, amounts, *per se*, to an error for which the judgment will be reversed, and that an offer to reduce it to writing after it had been given, would not cure the error.   In *People v. Shaw*, 26 Cal. 78, a written charge had been delivered, and the jury had retired; they subsequently came in and were orally instructed by the court in explanation of the charge already given in writing—the defendant neither consenting or objecting to the oral explantion.   The judgment was reversed, the court saying: "The cases are numerous and uniform to the point that the giving of an oral charge or instruction to the jury, in a criminal case, without the consent of the defendant in error, and that his consent cannot be presumed from his presence and failure to make the objection when the oral instruction is given." (*People v. Sanford*, 43 Cal. 35.)

And this view will be adopted here.

The defendant was present in court in person and by his counsel while the jury was being instructed. No objection was made at the time and no exceptions reserved. No error has been pointed out in the instructions. They contained a correct statement of the law as applied to the facts produced in evidence. They were taken by the court stenographer, reduced immediately to writing and appear in the record for review. The error was in this case immaterial, and must have been so considered by the defendant and his counsel at the time, and the case will be regarded as one of those in which the substantial rights of defendant were not affected, and the judgment will not be reversed here. (Sec. 5330 Statutes of 1893.)

Tarsney, J., having presided in the court below, not sitting; Dale, C. J., and Bierer, J., concurring; Keaton, J., dissenting.