## MATT. WILLIAMS v. THE UNITED STATES.

(Filed June 11, 1906.)

1. **INDICTMENT—Revenue Laws—Allegations.** In charging an offense under sec. 3318 of the Revised Statutes of the United States prescribing a penalty for failure on the part of rectifiers and wholesale liquor dealers to perform certain duties therein specified, it is not necessary to allege in the indictment that the defendant is both a rectifier and a wholesale liquor dealer.

2. **SAME**—Nor is it necessary, in such a prosecution, to charge or prove to whom the spirits were sold and the place where sent.

3. **SAME—Election—Procedure.** Under an indictment containing two counts, both based upon the same act and charging the same offense, but in different language, the prosecution may at the time the case goes to the jury elect to stand upon either count.

4. **INSTRUCTIONS—Oral—Not Reviewed When—**An error of the trial court in giving an instruction to the jury orally in a criminal case, and not reducing such instruction to writing before giving it to the jury will not be reviewed on appeal unless presented to the trial court for review by motion for a new trial.

5. **SAME.** The court having given an instruction to the jury orally, the defendant and counsel being present and not objecting, and reserving no exception, and the instruction having been immediately reduced to writing and appearing in the record, with the other instructions, and no error appearing in them, the case is one in which the substantial rights of the defendant were not affected, and the case will not be reversed for such error.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, Trial Judge.*

*E. M. Clark, Buckner & Buckner, John Leahy* and *Frank D. Johnson,* for plaintiff in error.

*Horace Speed, United States Attorney,* for defendant in error.

Opinion of the court by

PANCOAST, J.:  This action was commenced in the district court of Pawnee county, the indictment charging the defendant, who was a wholesale liquor dealer, with violating sec. 3318 of the Revised Statutes of the United States, which provides:

"Every rectifier and wholesale liquor dealer shall provide a book, to be prepared and kept in such form as may be prescribed by the commissioner of internal revenue    *    *    *    And every such rectifier and wholesale dealer shall, at the time of sending out of his stock or possession any spirits, and before the same are removed from his premises, enter in like manner in the said book the day when and the name and place of business of the person or firm to whom such spirits are to be sent, the quantity and kind or quantity (quality) of such spirits, the number of gallons or fractions of a gallon at proof, and if, in the original packages in which they were received, the name of the distiller and the serial number of the package    *    *    *    And whenever any rectifier or wholesale liquor dealer refuses or neglects to provide such book, or to make entries therein as aforesaid,    *    *    *    or makes any false entry therein,    *    *    *    or whenever such book is not preserved or is not produced by any rectifier or wholesale liquor dealer, as herein before directed, he shall pay a penalty of one hundred dollars, and shall (on conviction) be fined not less than one hundred dollars nor more than five thousand dollars, and imprisoned not less than three months nor more than three years."

The charging part of the indictment contains this language:

"That on the first day of July in the year of our Lord, one thousand nine hundred and three, from thence and on the 31st day of December, 1903, at Ralston, in said county of Pawnee, in said Territory of Oklahoma, Matt Williams,

who was a wholesale liquor dealer and as such was required to provide a book prepared and kept in a form theretofore prescribed by the commissioner of the internal revenue of the United States, of the prescribing of which form of which book by the said commissioner, the said Matt Williams then and before that time had notice, and that during the period aforesaid, and on the 6th day of November, 1903, the said Matt Williams, as such wholesale liquor dealer as aforesaid, did then and there send out of his stock and possession certain distilled spirits, to-wit, two casks of distilled spirits, and did wilfully and unlawfully refuse and neglect to make on said book any entry or entries whatsoever concerning said casks of spirits respectively, at said time of sending same out of his stock and possession, and before the same were removed respectively from his possession  *    *    *."

The first assignment of error in counsel's brief is that before one can be convicted of a violation of the statute, it must be alleged and shown that he is both a rectifier and wholesale liquor dealer; that unless he is such, it would become necessary to construe the word "and" to mean "or," which cannot be done in the construction of a penal statute, citing *U. S. v. 10 Cases of Shawls,* 16448 Federal Cases; *Rice v. U. S.,* 53 Fed. Rep. 910, and several other cases.

To show that counsel are in error in their construction in this respect, it is not necessary to do more than refer to *U. S. v. Fish,* 3 Wall. 445. In this case the court says:

"In the construction of a statute, it is the duty of the court to ascertain the clear intention of the legislature, and in order to do this, courts are often compelled to consider 'or' as meaning 'and,' and again 'and' as meaning 'or.'"

And in this case, which is one exactly parallel, the court construed the word "and" to mean "or."

In 2 Cyc., page 286, it is stated that "and" is a particle which expresses an addition, and which is frequently construed as meaning "or," although it should never be so construed unless the context favors the conversion; and also, sometimes is construed in the sense of "as well as." Numerous citations are there given in support of the text.

Also, in the Am. & Eng. Enc. Law, 2nd. ed., the doctrine is laid down that penal statutes are to be construed in favor of the accused, and that the word "or" will not, in general, be construed "and," or *vice versa,* where the effect would be to aggravate the offense, or would be to the disadvantage of the accused. Numerous authorities are there cited, many of them criminal.

But counsel overlook some of the language of the act in question. While the statute provides that every rectifier *and* wholesale liquor dealer shall provide a book, and shall make certain entries therein at certain times, it is further provided that:

"Whenever any rectifier *or* wholesale liquor dealer refuses or neglects to provide such book or make said entries therein as aforesaid * * * or makes any false entries therein * * * or whenever said book is not preserved or is not produced by any rectifier *or* wholesale dealer, as hereinbefore directed, he shall pay a penalty," etc.

It is evident from a reading of this part of the statute where the word "and" is not used but the word "or" is used, that it is intended that a violation of the provisions of this statute by either a wholesale liquor dealer or a rectifier shall make such person liable under the statute. The first part of the statute in which the word "and" is used speaks of two different classes of persons, whose duty it is to provide

proper books and keep proper records. The last part of the statute provides that if either of such persons violate his duties in such respect he shall become liable to the penalty therein provided, so that it is not necessary in this case for this court, nor was it necessary for the court below, to convert the word "and" into "or," in the first portion of the statute in order to hold the defendant in this case liable under this statute. To have used the word "or" in the beginning of the statute in the place of "and" would have made the sentence ungrammatical, and to have used the word "and" in the place of "or" in the latter part of the statute would have made the language in that respect ungrammatical.

To apply the rule in the case of *United States v. Fisk, supra,* for the purpose of ascertaining the clear intention of the legislature, there is no room for doubt that the legislature meant that both rectifiers and wholesale liquor dealers should keep the books provided for and make the entries therein at the times specified, and a failure of either a rectifier or a wholesale liquor dealer to perform his duty in that regard would be a violation of the statute.

The second assignment is that the indictment fails to charge to whom the spirits were sold, and the place where sent. This is entirely unnecessary in pleading a violation of such statute. Indeed, it may be impossible for the prosecution to charge or prove the person to whom spirits are sold or the place where sent, and rules of pleading never require that to be pleaded which is impossible. The person to whom spirits are sold and the place where sent is peculiarly within the knowledge of the defendant, and in cases of wanton violations of this statute, the requirement that such an allegation be made and sustained would result in a failure to pros-

ecute persons who were guilty of violations of law. Nor it is necessary to allege or prove the amount of wine gallons in the casks charged to have been removed, for the same reason above expressed. These facts are within the knowledge of the defendant, and may be, and in many instances are, unknown to the prosecution. It is claimed that inasmuch as the defendant was both a retailer and a wholesale dealer, it was necessary to charge and prove the number of wine gallons in each cask, but we think it is immaterial as to whether the defendant was a retail dealer or not. He was charged as a wholesale dealer, and it is only as such that the prosecution was commenced and proceeded with against him.

It is also insisted that there was error in not requiring the government to elect upon which of the two counts in the indictment it would proceed, and that under our procedure, but one crime can be charged in one indictment and tried at one time.

The indictment in this case contains two counts, both based, however, upon the same act, charging the same offense, but charging it in different language. When the case went to the jury, the government elected to stand upon the first count, and we can see no error in this procedure. It is a rule of practice well settled that the same offense may be alleged in different language in separate counts in the same indictment, and in many instances it is necessary to follow such practice. In the case at bar, the only difference between the two counts in the indictment is that one charges a failure to provide the book required by the department, and the other a failure to make the proper entries in the book provided by the department. The act, however, was charged to have been committed upon the same date in each count.

Many questions are raised upon the introduction of evidence, and a demurrer was filed to the evidence and overruled. We have examined the entire record as to the questions raised upon the evidence and fail to see where there was any error committed. The main proposition argued under this head by counsel for plaintiff in error is that there was no proof that the defendant was a wholesale liquor dealer. The record certainly contains proof. The weight of the evidence was for the jury. The evidence being competent, it was for the jury to determine whether or not it was sufficient.

The statements made by the defendant of the amount of liquor sold by him, which are claimed to have been extra-judicial and therefore insufficient upon which to base a conviction, are only a part of the evidence introduced. While it is true that a conviction can never he had upon extra-judicial expressions alone, yet such evidence is competent, and taken together with other competent evidence may be sufficient upon which a jury may base a verdict of guilty. The authorities cited by counsel upon this proposition are therefore not in point here, because in the cases cited, or most of them, the verdict was based entirely and alone upon the extra-judicial statements or expressions made by the defendant. Such is not the case here.

Much, of the testimony that was objected to was competent for the purpose of proving the motive of the defendant, and while perhaps some of it was not competent for any other purpose, yet the motive in this case was a material question, and one which the government had a right to establish. Besides all this, the defendant, when upon the witness stand, testified in his own behalf, and there made statements from

which we think the jury could well conclude that he had been a wholesale liquor dealer at the time charged as the date of the offense for which he was being tried.

The remaining errors complained of arise upon the instructions given by the court. After a careful examination of these instructions, we think they were as favorable to the defendant as he could ask. We find no error in them.

There is one remaining proposition which we deem it proper to notice. After the case had been given to the jury, they returned into court for further instructions, and after receiving the necessary information from the jury, the court, in the presence of the defendant and his counsel, dictated to the stenographer one further instruction for the jury, at the time ordering the instruction reduced to writing. No objection was made or exception taken to this manner of instructing the jury, but it now claimed that inasmuch as the statute provides that all instructions shall be in writing, that this method of giving an instruction, under the circumstances, was material error.

Had the defendant at the time objected to the instruction being given in this manner, we have no doubt that the court would have handed to the jury the instruction properly prepared and written out. It would seem from an examination of the entire record that the manner in which this instruction was given to the jury was perfectly satisfactory to all parties concerned, and the error was not preserved nor presented to the trial court for review by the motion for new trial.

It is well settled by a long line of decisions, in states having statutes similar to ours, that it is error for the court

to instruct the jury orally in a criminal case, some of the states holding that the rule prescribed by the statute is mandatory, and not directory. And in California, it has been held that where the jury was orally instructed by the court, in explanation of a charge already given in writing, the defendant neither consenting nor objecting to the oral explanation, that such method of instructing the jury was error.

We see no error in the instruction as given. The only error consists in the instruction not having been reduced to writing before it was given. It has been repeatedly held by this court that only those questions raised and preserved in the motion for new trial will be considered by this court on review. Therefore, while error exists, it is not a reversible one, nor is it one which we think affects the substantial rights of the defendant. This question has been passed upon by this court in the case of *Frank Swaggart v. The Territory*, 6 Okla. 344, in which, after reviewing the entire subject, the court declined to reverse the judgment, holding that although error appeared, the question not having been presented to the trial court in the motion for new trial, and it not being one which affected the substantial rights of the defendant, that the error was not one which should work a reversal of the judgment.

Having carefully examined the entire record, and perceiving no material error therein, the judgment of the trial court is affirmed. It is ordered that the judgment of the district court be carried into execution.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.