# W. C. REA v. STATE.

No. A-283. Opinion Filed Decembber 7, 1909.

(105 Pac. 386.)

1. **LIMITATION OF PROSECUTIONS—Burden of Proof—Judicial Notice—Nonexistence of County.** (a) The statute of limitations does not negative a single element of the crime with which a defendant may be charged. It does not put in issue the guilt of the defendant. It therefore is not necessary for the prosecution to prove beyond a reasonable doubt that the offense committed is not barred by the statute of limitations.

    (b) A trial court and jury can take judicial notice of the fact that statehood for Oklahoma began on the 16th day of November, 1907, and that prior to that date there was no such county of Pontotoc county in Oklahoma, and that an offense committed in said county was committed after the incoming of statehood.

2. **APPEAL—Presentation and Reservation of Grounds of Review— Necessity of Timely Objection—Motion for New Trial—Necessity "Fundamental Errors" — Written Instructions.** (a) When a defendant in a misdemeanor case is present in court, and is represented by counsel, who are also present, and the jury are orally instructed. and no objection is made or exceptions are reserved, at the time, to such instructions, and the matter is not brought to the attention of the trial court in the motion for a new trial, it is too late to raise this question for the first time in the appellate court.

    (b) Only those questions raised and preserved in the motion for a new trial will be considered on appeal, unless they are of a fundamental character. When the justice of the case requires it, fundamental errors will be considered, whether assigned as errors or not.

    (c) "Fundamental errors" are those which go to the foundation of the case, or which take from the defendant a right which was essential to his defense.

    (d) It is best in all cases for the court to give written instructions to the jury. and when they are waived it is best that this fact should appear in the record.

3.    **APPEAL—Review—Questions of Fact.** (a) When there is any
evidence in the record from which the jury could logically
draw the conclusion of the defendant's guilt, and the record
shows that the defendant has been properly indicted and fairly
tried. this court will affirm the judgment of the lower court.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

W. C. Rea was convicted of unlawfully selling intoxicating
liquor, and he appeals.   Affirmed.

The plaintiff in error, hereinafter designated as defendant,
was convicted in the county of Pontotoc county, on an infor-
mation charging that, in Pontotoc county, Okla., on July 15, 1908,
the said defendant did unlawfully sell, barter, give away, and fur-
nish one Wes Hattox intoxicating liquor, to wit, alcohol.   The
cause came on for trial on the 4th day of February, 1909, which
resulted in a verdict of guilty.   Motion for a new trial was filed,
overruled, and exception allowed, whereupon the court sentenced
defendant to be imprisoned in the county jail for a period of 30
days and that he pay a fine of $50 and costs.   From this judgment
and sentence of the court, the defendant appeals to this court.

*Bullock & Kerr* and *Galbraith & McKeown,* for appellant.
No copies of briefs reached the reporter.

FURMAN, PRESIDING JUDGE (after stating the facts as
above).   First.   The first contention of counsel for the defendant
is as follows:   "Because the state did not prove the alleged sale to
have been made within the period of the statute of limitations."
This contention presents the defense of the statute of limitations.

This question has been passed upon by the Supreme Court of
Oklahoma Territory in the case of *Coleman v. Territory,* 5 Okla.
201, 47 Pac. 1079.   After a lengthly and able opinion by Judge
Tarsney, in which he cites and discusses all of the leading Ameri-
can cases and text-writers on this subject, he says:

"The defense of the statute of limitations traverses no element
of the crime charged.   It is essentially an extrinsic defense.   It
does not put in issue either of the essential elements constituting
his guilt of the offense charged.   He simply asserts that by virtue

of an extrinsic condition, not relating to the commission of the offense, but recognizing its commission, namely, a statute of repose or limitation, he is not now subject to punishment for the crime, which he admits having committed. We can see no reason why the rule relating to the defense of license, authorization by the state, *autrefois acquit, autrefois convict,* pardon, provocation, or compulsion should not be the rule as to his defense. In fact, we think the rule applies with more reason and justice to this defense than to the others. It is not inequitable, oppressive, or substantially prejudicial to the safeguards which should surround the defense of one accused of crime, that if his defense does not deny the commission of the acts charged, or traverse any of the material elements of the offense, but is based upon facts wholly extrinsic and peculiarly within his knowledge, and more readily susceptible of proof by him than by the prosecution, that he should be held to establish such defense to the reasonable satisfaction of the jury."

But, even if the burden of proof was on the state to establish the commission of the offense within the statute of limitations beyond a reasonable doubt, we think that it was done in this case. The evidence is as follows:

"Q. You name is Wes Hattox? A. Yes, sir. Q. Where do you live? A. At Fitzhugh. Q. You know Will Rhea? A. Yes, sir. Q. What business is he in? A. Drug business. Q. Where? A. Roff. Q. Were you in his drug store in July? A. Yes, sir. Q. Did you purchase anything? A. Yes, sir. Q. What was it? A. Alcohol. Q. Is alcohol intoxicating? A. Yes, sir; I suppose it is. Q. That was in Pontotoc county, Okla.? A. Yes, sir."

From this it is proven that the sale took place in Pontotoc county, Okla. The court takes judicial notice of the fact that prior to the incoming of statehood, on November 16, 1907, such county as Pontotoc county, Okla., was not in existence. Therefore the sale was proven to have been made subsequent to that date. Wigmore on Evidence, vol. 4, § 2575, says:

"Domestic Political Organization—Boundaries, Capitals, etc. —So far as the facts of political organization and operation of the state are determined in the law, they are judicially noticed as a part of the law."

Therefore the contention of the defendant that the case should be reversed because it was not proven that the sale was made with-

in the period of the statute of limitations, is not supported by the law or the evidence.

Second. The second contention of counsel for the defendant is that the trial court erred in instructing the jury orally. The record does disclose the fact that the instructions to the jury were oral, and it fails to show that written instructions were waived by the defendant; neither does it contain any exceptions to the failure of the court to instruct the jury in writing. The motion for a new trial does not rely upon this ground for a reversal, and nothing is said with reference to this matter in the original petition in error filed with the appeal in this case. This point was first presented to this court on November 23, 1909, by an amended petition in error. The latter part of paragraph 6, § 5484, Wilson's Rev. & Ann. St. 1903, is as follows:

"All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case."

From this it appears that it is not essential and necessary in all cases that the instructions to the jury be reduced to writing, but that this may be waived by the parties.

In *Williams v. United States*, 17 Okla. 28, 87 Pac. 647, oral instructions were given to the jury. The court said:

"No objection was made or exception taken to this manner of instructing the jury; but it is now claimed that, inasmuch as the statute provides that all instructions shall be in writing, this method of giving an instruction, under the circumstances, was material error. Had the defendant at the time objected to the instruction being given in this manner, we have no doubt that that court would have handed to the jury the instruction properly prepared and written out. It would seem, from an examination of the entire record, that the manner in which this instruction was given to the jury was perfectly satisfactory to all parties concerned, and the error was not preserved nor presented to the trial court for review by the motion for new trial."

Replying to the manner in which the objection was presented, the court further said:

"It has been repeatedly held by this court that only those questions raised and peserved in the motion for new trial will be

considered by this court on review. Therefore, while error exists, it is not a reversible one, nor is it one which we think affects the substantial rights of the defendant. This question has been passed upon by this court in the case of *Frank Swaggart v. Territory,* 6 Okla. 344, 50 Pac. 96, in which, after reviewing the entire subject, the court declined to reverse the judgment, holding that, although error appeared, the question not having been presented to the trial court in the motion for new trial, and it not being one which affected the substantial rights of the defendant, the error was not one which should work a reversal of the judgment."

This court has time and again declared that, whenever there was any evidence in the record from which the jury could rationally conclude that the defendant was guilty, we would not reverse a conviction unless, from the record, it appeared that the defendant had been deprived of some substantial right during the trial. We fail to find any such error in this record. We are therefore compelled to affirm the conviction.

Affirmed.

DOYLE and OWEN, JUDGES, concur.

---

ON PETITION FOR REHEARING.

Denied February 1. 1910.

(106 Pac. 982.)

*Galbraith & McKeown,* for appellant.
*Fred S. Caldwell,* for the State.

PER CURIAM. There is no mandatory statute in this state requiring that in all instances instructions to juries shall be in writing. The language of the law is:

"All instructions given shall be in writing unless waived by both parties and shall be filed and become a part of the record in the case." (Wilson's Rev. & Ann. St. 1903, § 5484, par. 6.)

The presumption of law is that all proceedings in courts of record are regular. The burden is on the party who questions this

regularity to show clearly that irregularity exists. The statute having in express terms provided that written instructions may be waived, in cases where the instructions have not been reduced to writing, the presumption will be that written instructions were waived unless the record affirmatively shows to the contrary. Counsel for defendant in their petition for a rehearing say:

"Sections 5518 and 5525 (Wilson's Rev. & Ann. St. 1903), which, at least impliedly, command instructions in criminal causes to be reduced to writing, if they do not require them to be given in writing."

Section 5518, Wilson's Okla. Rev. & Ann. St., is as follows:

"In charging the jury, the court must state to them all matters of law which it thinks necessary for their information in giving their verdict, and if it state the testimony of the case, it must in addition inform the jury that they are the exclusive judges of all questions of fact. Either party may present to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused. Upon each charge presented and given or refused the court must indorse or sign its decision. If part of any written charge be given and part refused the court must distinguish, showing by the indorsement or answer, what part of each charge was given and what part refused."

The court must state to the jury all matters of law which it thinks necessary for their information, and if the court states the testimony of the case, it must, in addition thereto, inform the jury that they are the exclusive judges of all questions of fact. There is no express or implied command here that the instructions must be reduced to writing. The rest of the statute relates to written instructions, which may or may not be requested by the defendant. There is no claim made that any such written instructions were requested by the defendant in this case. Therefore this statute is not material to the question now before us.

Section 5525, Wilson's Okla. Rev. & Ann. St., relied upon by counsel for the defendant, is as follows::

"On retiring for deliberation the jury may take with them the written instructions given by the court; the forms of verdict approved by the court, and all papers which have been received as

evidence in the cause, or copies of such parts of public records or private documents as ought not, in the opinion of the court, to be taken from the person having them in possession."

So it is seen that this statute is merely permissive. We cannot agree with the contention of counsel for the defendant that these two sections of the statute by implication require that instructions given shall be reduced to writing. It is an old proverb of universal acceptance that "Actions speak louder than words," and when oral instructions are given to a jury, and the defendant does not object and save an exception, he thereby waives his right to have such instructions reduced to writing, and cannot afterwards be heard to complain that such instructions were not in writing. As the giving of instructions in writing may be waived it cannot be said that the failure of the court to reduce the instructions to writing affects the jurisdiction of the court, or goes to the foundation of the case, and such failure does not constitute fundamental error.

Rehearing denied.