**Billy Jack STOWE, Plaintiff in Error,**
v.
**The STATE of Oklahoma, Defendant in Error.**
No. A–13508.

Court of Criminal Appeals of Oklahoma.
Dec. 23, 1964.

Robert H. Macy, Ada, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

Billy Jack Stowe was charged in the district court of Pontotoc County by information with the crime of robbery by force and fear. Upon trial, a jury found him guilty, but could not agree on his punishment. The court sentenced him to five years in the State Penitentiary, the minimum sentence for the crime for which he had been convicted.

The facts in this case, as shown by the record, indicate that two boys, Tommy Foster and Dorman Ray Tipton, ages 17 and 18 years respectively, and who lived in the country about seven or eight miles east of Ada, in Pontotoc County, drove to Ada on the night of November 8, 1963; that while driving on the streets, about 9:30 in the evening a car drove up behind them and flashed the lights and sounded the horn, and the two boys testified that they thought it was someone from their school in the country, and they pulled off and stopped. There were four boys in the car, which pulled around in front of them, and three of the boys got out of the car, and the defendant went to the right hand side of the car, where Tommy Foster was riding, and told Tommy to give him "whatever he was drinking." Tommy told defendant that he was not drinking anything, and defendant then demanded a quarter from the prosecuting witness, and when told that he did not have a quarter, the defendant slapped him several times. Tommy finally gave him a quarter, the defendant slapped him again and demanded fifty cents, but witness told defendant he did not have any more money.

Tommy Foster and Dorman Ray Tipton started to return to their homes, then decided to report this incident to the police, and did so. The defendant and the other boys were brought into the police station in a short time, identified by Tommy and Dorman, and were later charged. The charge was dismissed as to the other two boys.

█ Counsel for defendant pointed out a number of reasons he felt he should be given a new trial in his motion therefor, and in his petition in error, but in his brief he argues the case under five assignments, including his No. 3, which reads:

"The Court erred by making prejudicial statements in the presence of the jury, indicating the Court's belief in the guilt of the defendant."

We consider this the most important error advanced, but the Attorney General states: "his third assignment and ground for error is not mentioned nor covered in his motion for new trial, nor in his petition in error filed in this court, and will not be further discussed herein."

Defendant's contention is based on the following: Defendant had asked his first witness, the county jailor, if he had custody of the jail records, and when he answered in the affirmative, counsel then asked: "Is Billy Jack Stowe now an inmate—" and the trial court stopped him, the following taking place:

"By the Court: Now, wait just a minute! Are you going to try to prove what sort of prisoner he has made, is that what you are getting at?

"By Mr. Macy [Attorney for defendant]: No. Just going to show when he came in.

"By the Court: Well, that doesn't have anything to do with this trial—as to his guilt or innocence of this crime.

It wouldn't make any difference how long he stayed in jail—

"Mr. Macy: It does not go to mitigation of punishment?

"By the Court: If you want to go before the Parole Board, after he gets in the pen, then want to prove how long he stayed in jail, for purposes of trying to get him out, why, you can do that, but so far as this crime is concerned, it wouldn't make any difference —as long as he had a bond set for him to be made.

"By Mr. Mayhue [County Attorney]: He has had a bond.

"By Mr. Macy: He hasn't made bond— he had one set. Show my exceptions to the ruling of the Court. That is all."

This was the extent of the objection of the attorney for the defendant, and as stated by the Attorney General, he did not set out this error either in his motion for new trial or in the petition in error attached to his casemade. He presented the same for the first time in his brief, and argued it in his oral argument before this Court.

In the early case of Rea v. State, 3 Okl.Cr. 281, 105 P. 386, this Court held:

"Only those questions raised and preserved in the motion for a new trial will be considered on appeal, unless they are of a fundamental character. When the justice of the case requires it, fundamental errors will be considered, whether assigned as errors or not.

" 'Fundamental errors' are those which go to the foundation of the case, or which take from the defendant a right which was essential to his defense."

In 24 C.J.S. Criminal Law § 1673, p. 1131, it is said:

"On the other hand, remarks or conduct of the presiding judge or of the prosecuting attorney may be considered for the first time on appeal where required in the interests of justice, or where fundamental rights are involved."

This rule has been followed in numerous cases since the early case of Rea v. State, supra, including Morrison v. State, 37 Okl. Cr. 359, 258 P. 1050, and a long line of cases so holding; and the Court has consistently held that where fundamental error appears and justice requires, the Court of Criminal Appeals will consider such error, regardless of whether exceptions were taken in the court below, or whether such error is assigned on appeal.

It is easily understood why an aggrieved party would hesitate to make strenuous objections to the alleged misconduct of the trial court, as to do so in the presence of the jury would itself tend to prejudice such party in the eyes of the jury, and thus defeat the only object for which the objection is ordinarily made.

We are of the opinion that the remark of the trial judge in the instant case, "If you want to go before the Parole Board *after he gets in the pen,* then want to prove how long he stayed in jail, for purposes of trying to get him out, why, you can do that, but so far as this court is concerned, it wouldn't make any difference —as long as he had a bond set for him to be made", clearly indicated to the jury that he thought this defendant was guilty, and that he would be convicted by the jury.

As this writer said in a recent case, trial courts should remember that any action they take or remarks they make as judge will carry greater weight with the jury than anything that is said or done by anyone else in the court room. We think this statement of the trial judge was error, and we cannot say that the error did not work to the substantial prejudice of this defendant, under the circumstances.

We do not consider it necessary to discuss the other errors set out in this case.

For the reasons stated, the case is reversed and remanded to the District Court of Pontotoc County for a new trial.

NIX, J., concurs.

BUSSEY, J., not participating.