Charles Leroy JEWELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15545.

Court of Criminal Appeals of Oklahoma.

July 22, 1970.

Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Charles Leroy Jewell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the crime of Shooting with Intent to Kill, After Former Conviction of a Felony. The punishment was left to the court and judgment and sentence was pronounced by the court fixing the defendant's punishment at imprisonment in the state penitentiary for a term of fifty (50) years. No appeal was perfected within the time provided by law, but a post conviction appeal has been granted by this Court, 450 P.2d 833.

 Two assignments of error urged by the defendant on appeal relate to instructions which were not objected to with exceptions taken to the ruling of the court, raised in the defendant's Motion for New Trial, or in the defendant's Petition in Error, and are, therefore, not properly preserved for review on appeal. Moreover, the instructions now complained of were not of such fundamental nature as to require modification or reversal in the light of the overwhelming guilt of the defendant; nor do we believe that the punishment imposed was excessive when viewed in the light of the entire record which was very succinctly summarized by the Honorable Robert D. Simms when he imposed the judgment and sentence.

We adopt and approve the remarks and conclusions of the Honorable Robert Simms which were delivered in open court in rendering the judgment and sentence. They are:

"Well, the jury in this case, being unable to agree on the punishment, did leave the punishment to the Court, and Mr. Jewell, I have soberly and without passion, reviewed the evidence in this case, and the

evidence, as I view it, and as I am sure the jury viewed it, reflects that on the date in question, following a family picnic, during which there was no evidence of discord, you purchased a six-shot .22 caliber revolver, together with the shells; that you hid this fact from your wife, that is admitted; you placed the gun in a package in the trunk of the automobile and thereafter, in secrecy, loaded that revolver and transferred it from the trunk of the automobile to underneath the front seat on the driver's side; which I think, Mr. Jewell, indicates beyond any doubt that on the afternoon before this shooting occurred, you had, for lack of a better word, murder in your heart.

Then the evidence disclosed, and this is uncontradicted, that while your wife was ironing, you wrote out this note, and then at your suggestion, lured your wife away from the home into the automobile and up on Cyclone Road.

Every scintilla of evidence introduced in this case, both the testimony of your wife and from your own admissions indicates that this crime was a planned, premeditated shooting.

But this fact also is undisputed: That the first shot that was fired struck your wife in the left eye, and by your own testimony, you were holding the gun in your left hand, behind the wheel of the car, pointed toward your wife.

Mr. Jewell, this demonstrates beyond a shadow of a doubt, that at the time you fired the first shot, your wife was facing forward and not toward you.

This also is corroborated by the bullet holes in the right hand glass in the front of the automobile, that would be the glass toward the passenger's side.

But that in itself, Mr. Jewell, would not particularly count out the fact that perhaps this might be a crime of passion, giving you the benefit of the doubt, but the act that removes the element of passion from this crime is not only the premeditation and the planning of this at-

tempted assault, or rather assault upon the life of your wife, but the evidence reflects, Mr. Jewell, that after she left the car and was attempting to shield your own child in the bar ditch from further harm, you cooly walked around the rear of the car and shot her for the second time in the head.

So I think that insofar as passion goes, that we cannot excuse or justify this crime, under any theory of passion or heat of passion.

By your act, you took from your wife the sight of one eye. This has resulted in a serious impediment to her speech, and I regret, Mr. Jewell, that because of the cruel planning and premeditation you had in this shooting, I am restricted by law, from giving you the punishment that you deserve, because were it not for certain factors, such as perhaps the will of God, the miracle of modern medicine, and the sudden passing by of a motorist, you would have been found guilty of murder and been facing the electric chair.

But from all of your evil deeds, Mr. Jewell, perhaps some good will come of it, because from your conviction and the punishment that I am about to assess for this cruel, cowardly and dastardly act, it may give some citizens of this county, who have a tendency to believe that the courts are soft on people of your ilk, heart to know that these types of crimes are going to be punished quickly and harshly; and it may further serve the useful purpose to make someone who has murder in his heart think again, and perhaps bring about the prevention of another crime.

I feel some sympathy for you, Mr. Jewell, because of your own acts, you have deprived yourself of the love of this wife and your four children, and it is going to be a long time before you know their love again, not only because of your imprisonment, but because of your act, I fear that it is indelibly traced on their minds an act, or night, rather of horror,

when you abandoned them and their shot mother on a dark road, wherein, for all you know, she was about to die.

So, Charles Leroy Jewell, it will be the judgment and sentence of this court that you be sentenced to serve a term of fifty years in the Oklahoma State Penitentiary at McAlester.

From this judgment and sentence you do have the right to appeal, and I will inquire of you and your attorney if you desire to give either notice of intention to appeal or request an appeal bond to be fixed."

Finding no basis for modification or reversal, we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.