John **WHITTEN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–75–559.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1975.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

Irvin Owen, Shawnee, for appellant.

## OPINION

BRETT, Presiding Judge:

Appellant, John Whitten, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Case No. CRF-74-477, for the offense of Forgery in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1577. His punishment was fixed at a term of twelve (12) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

On September 23, 1974, the defendant entered the Murl Hardesty Grocery and Station on South Beard just south of Shawnee and presented, for payment, the check identified as State's Exhibit No. 1. The check, typically known as a counter check, was completely made out in longhand, made payable to the defendant in the amount of $88.00, and purportedly signed by one Leon Childers a relative of the defendant. Frank Oliver, the manager of the grocery store, testified that the defendant told him he had received the check for work done for Mr. Childers. At that point he cashed the check for the defendant and stated that as far as he could remember he gave defendant the full $88.00, and, if he had not, he might have taken out for a package of cigarettes or something of that nature. He further indicated that he had known both the defendant and Mr. Childers for a number of years.

Leon Childers, the next witness on behalf of the State, testified that State's Exhibit No. 1 was a check drawn on his account but that he had not signed the check nor had he authorized anyone to sign the check. He further stated that he had known the defendant all of his life and that at one time the defendant had worked for him but at no time during 1974 had the defendant been in his employ.

Jim Webster identified himself as the vice president of the Farmers and Merchants Bank in Tecumseh. He testified from microfilm copies of the bank records that the check identified as State's Exhibit No. 1 had been received by the bank on September 27, 1974. During the clearing process the signature on the check had been found to be irregular and that it did not match with the signature on the bank's records. The check was then sent back to the depositor.

At this point the State rested its case in chief.

The defense first called Charlotte Whitten, mother of the defendant. The State objected to the form of questioning and the witness was excused.

The defense then called the prosecuting attorney, Rick Cornwell, and asked him a question regarding his file. The court sustained an objection to the question and the witness was excused.

The defendant took the stand in his own behalf and testified that he worked for the Shawnee Steel Company just down the street east of the Hardesty Grocery, and that he had traded at Hardesty Grocery and cashed his paycheck there. On the day in question he and two fellow em-

ployees started drinking at noon and did not return to work. Approximately 3:30 in the afternoon of September 23, the defendant made out the check, State's Exhibit No. 1, and bought a loaf of bread, a can of Spam, potato chips, and got $15.00 cash plus the small purchased items in exchange for the check which he was supposed to pick up on Friday of that same week. Defendant further explained that he did not pick up the check as promised because he did not go back to work and did not have the money. On cross-examination defendant testified that he had been drinking, and his speech was slurred and that he signed the check on the front and endorsed it on the back using the name of his relative without permission. He explained that he got only $15.00 cash on the check plus a few grocery items and in effect the check was security for the cash advanced, and was to be torn up when redeemed.

The State recalled Frank Oliver as a rebuttal witness. He testified that in his opinion the defendant was not intoxicated at the time he had cashed the check and that there was no arrangement made for the defendant to receive only partial payment for the check or to use the check to secure a loan. As far as he could remember the defendant received the full $88.00 either in cash or goods. This concluded the evidence presented at trial.

Defendant alleges in his sole assignment of error that the trial court erred in refusing to give his requested Instruction No. 1 dealing with the offense of obtaining property of value less than $20.00 by the use of a false or bogus check as prescribed by 21 O.S.1971, § 1541.1. Defendant's proposed Instruction No. 1 is as follows:

"Ladies and Gentlemen of the jury:

"You are instructed that the defendant is charged with the crime of FORGERY, SECOND DEGREE, a felony.

"In this connection you are also instructed that evidence has been introduced which tends to show that the defendant made an effort to obtain property of value less than $20.00, by the use of fraudu-

lent representations, and by the means of a false or bogus check.

"If you so find, then you should determine that defendant is guilty of a misdemeanor, and you should set punishment in the county jail for not more than one year, or assess a fine of not more than $1,000.00, or by both such fine and imprisonment.

"Authority: 21 OSA 1541.1"

Defendant contends that the misdemeanor statute applied under his theory of the defense, and that the felony statute was applicable under the charge by the State; that a failure to give the requested instruction was fundamental error and denied the jury a choice. In essence, the defendant contends that pursuant to the evidence adduced at trial the doctrine of "included offense" would control and his requested instruction should have been given. With this contention we cannot agree.

■ As authority for his requested instruction defendant cites 21 O.S.1971, § 1541.1, the Oklahoma statute which makes it a criminal offense for one to obtain or attempt to obtain a thing of value by means or use of any false or bogus check. However, in order for a person to be charged with the crime of obtaining a thing of value by the use of a false or bogus check under that statute, he must draw the check on his own account or another account for which he has the authority to draw upon.

■■ In the case at bar, the defendant wrote the check on the account of another without any authority whatsoever and, further he did not sign his own name but the check was purportedly signed by the individual on whose account the check was written. It logically follows then that the defendant was, if anything, guilty of the crime of forgery in the second degree, as proscribed by 21 O.S.1971, § 1577 which provides:

"Every person who sells, exchanges or delivers for any consideration any forged or counterfeit promissory note, check, bill, draft, or other evidence of

debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

And, not guilty of the offense proscribed by 21 O.S.1971, § 1541.1, which requires the proof of different elements than those adduced at the trial of the instant case. Accordingly, under the facts in the case at bar, 21 O.S.1971, § 1541.1, cannot be considered a lesser included offense of the offense proscribed by 21 O.S.1971, § 1577, as different elements of proof are required for each offense. Therefore, finding no abuse of discretion by the trial court, we find this proposition to be without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is *affirmed*.

BUSSEY and BLISS, JJ., concur.