Cecil Wayne **TUCKER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–82–374.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1984.

Mark Barrett, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Cecil Wayne Tucker was convicted by a jury of Murder in the Second Degree in the District Court of McCurtain County. Punishment was assessed at twenty (20) years' imprisonment.

On November 11, 1980, five-month-old Hope Marie Porter died from injuries allegedly inflicted by Tucker. The record suggests that he battered the baby over a two-day period by striking her with his fists and hands and by deliberately dropping her to the floor. The autopsy revealed that she died as a result of injuries to her head and several organs. The exam-

ining doctor testified the injuries were inflicted by a blunt force, probably that of a fist.

 Appellant asserts that the trial court erred in instructing the jury that the appellant could be found guilty of Murder in the Second Degree under the felony-murder provision of 21 O.S.1981, § 701.8(2). Appellant correctly contends that the underlying felony, Beating or Injuring Children, 21 O.S.1981, § 843, was not independent of the homicide, see *Massie v. State,* 553 P.2d 186 (Okl.Cr.1976), and hence could not form the basis for a felony murder conviction. It was clearly improper to instruct the jury on the felony-murder theory.

 No objection was made by defense counsel to the submission of felony-murder instructions to the jury. Failure to object constitutes a waiver of error unless it is fundamental. *Jones v. State,* 554 P.2d 62 (Okl.Cr.1976); *Jewell v. State,* 473 P.2d 271 (Okl.Cr.1970).

 We held in *Stowe v. State,* 397 P.2d 693, 695 (Okl.Cr.1964) (quoting *Rea v. State,* 3 Okl.Cr. 281, 105 P. 386 (1909) (syllabus of the Court):

> "Fundamental errors" are those which go to the foundation of the case, or which take from the defendant a right which was essential to his defense.

We are of the opinion that instructions incorrectly informing the jury that they may convict upon a certain state of facts goes to an essential part of the foundation of a case and constitutes fundamental error.

 The jury was also instructed that they could convict appellant if they found that he committed the homicide by means of an act imminently dangerous to another, and evincing a depraved mind. 21 O.S. 1981, § 701.8(1). We find that the evidence of abuse inflicted upon the baby by appellant amply supported such an instruction. See *Fiorot v. State,* 641 P.2d 551 (Okl.Cr. 1982). Moreover, the information, viewed from a practical standpoint, *Nealy v. State,* 636 P.2d 378 (Okl.Cr.1981), was sufficient

to charge "depraved mind" murder under § 701.8(1).

 The State urges that essentially, the jury only made a finding of fact that appellant caused the death of the child by beating it, which finding would support either felony-murder or "depraved mind" murder. The State argues that this Court should simply place this finding in the correct legal "pigeon-hole". We construe this to be a concession that the jury may well have based its verdict on the improperly submitted felony-murder theory. This, we believe, was materially prejudicial to Tucker.

For the foregoing reason, the judgment is REVERSED and REMANDED to the district court in order that a new trial may be conducted in conformance with this opinion.

BRETT, J., concurs.

BUSSEY, P.J., not participating.