**Elvin Eugene BOYETTE, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. F–85–602.**

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1988.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for petitioner.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for respondent.

OPINION

BUSSEY, Judge:

Petitioner, Elvin Eugene Boyette, was charged, tried and convicted by a jury of Attempting to Gain Money Under False Pretense After Former Conviction of Two or More Felonies. He received a sentence of twenty (20) years incarceration. From

this judgment and sentence, appellant appeals to this Court. We reverse.

On July 27, 1984, appellant presented a check for payment at Stockton's Food Giant in Oklahoma City. The payroll check was drawn on the account of Sanitary Equipment Company. It was made payable to the appellant and signed by Michael Williams.

The check was presented to the store cashier, Ms. Wheeler, who recognized the company and knew the account had been closed. A few days earlier, a lady had attempted to cash a check on the account and when Ms. Wheeler had called to verify the check, she was informed by the bank that the account had been closed for several years. Therefore, Ms. Wheeler took appellant's driver's license and the check and gave them to the store manager, Mr. Hayes. Mr. Hayes called Sanitary Equipment Company and was told that appellant was not an employee and that the account was closed. Mr. Hayes then notified the police who subsequently placed the appellant under arrest.

At trial, Virgil Little, the owner of Sanitary Equipment Company, testified that the address on the check was eight to ten years old and that neither the drawer, Michael Williams, nor the payee, appellant, were or ever had been employed by his company. Mr. Little further testified that he had never seen the check nor had he authorized anyone to sign it.

Appellant testified that he had received the check as payment for a car that he had sold to Mr. Williams. Appellant also testified that Williams had stated that he was making payment by the check so that it would be easier for the appellant to cash. Appellant claimed that he had seen cleaning supplies in Williams's car and had assumed that he had authority to write the check.

The Information in the present case charged the appellant with,

"... the crime of attempting to obtain money *under false pretenses* ... a sum of money of the value of $239.54 ... *by means and use of false and fraudulent representations* the [appellant] present-ed to Stockton's Food Store, for cashing check #3036 drawn on Sanitary Equipment Company account made payable to [appellant], when in truth and in fact [appellant] was not authorized to cash said check, all of which he, [appellant], well knew and *knowingly made all of said false and fraudulent representations* ..."

(O.R.I.) (emphasis added). However, the trial judge instructed the jury,

"No person may be convicted of the felony of Attempted False Pretense unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First: Attempting to obtain title;

Second: To money;

Third: Of another;

Fourth: Valued at more than $20.00;

Fifth: *By means of a false check;*

Sixth: Known by the defendant to be false;

Seventh: With the intent to cheat and defraud.

(O.R.11) (emphasis added).

Appellant contends that by statute and by previous decision of this Court, a "false and bogus check" as meant for the purposes of the offense of false pretense is, and can only be, a check which is given by the maker. *See* 21 O.S.1981, § 1541.4. *See also Whitten v. State,* 543 P.2d 758, 760 (Okla.Crim.App.1975). In *Whitten,* this Court stated "[I]n order for a person to be charged with the crime of obtaining a thing of value by the use of a false or bogus check under that statute, he must draw the check on his own account or another account for which he has the authority to draw upon."

Title 21 O.S.Supp.1987, § 1541.1 provides five different methods in which the crime can be committed:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation any money, property or valuable thing, of a value less than fifty dollars ($50.00);

1. by means or by use of any trick or deception, or

2. false or fraudulent representation or statement or pretense, or

3. by any other means or instruments or device commonly called the "confidence game," or

4. by means or use of any false or bogus checks, or

5. by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor ...

Title 21 O.S.Supp.1987, § 1541.2 makes the above crime a felony if the amount is fifty dollars ($50.00) or more.

After a review of the record, it is clear that the trial court's instruction was erroneous since it did not properly inform the jury of the facts necessary to support the verdict. *See Tucker v. State,* 675 P.2d 459, 461 (Okla.Crim.App.1984). Appellant was charged with attempting to obtain money by false pretense and fraudulent representation. However, the jury was instructed that they could find the appellant guilty if they found beyond a reasonable doubt that he had attempted to obtain money by means of a false check. To be found guilty of attempting to obtain money by means of a false check would require evidence that the appellant was the drawer of the check or had authority to draw upon the account. *See* 21 O.S.1981, § 1541.4 and *Whitten supra.* While the evidence does support the charge in the Information, it simply does not support the finding that the appellant attempted to obtain money by means of a false check. *Spuehler v. State* 709 P.2d 202, 203–04 (Okla.Crim.App.1985). Accordingly, the judgment is REVERSED and REMANDED to the District Court in order that a new trial may be conducted in conformance with this opinion.

BRETT, P.J., and PARKS, J., concur.