WILLIAM H. SULLIVAN v. THE TERRITORY OF OKLAHOMA.

(Filed Aug. 24, 1899.)

1. INDICTMENT — *Stealing Domestic Animals—Defective, When.* An indictment for stealing domestic animals, under the Statutes of 1895, is fatally defective, which does not charge that the animal was taken with the felonious intent to convert the same to his (the taken's) own use.

2. LARCENY—*Indictment Must Allege Value of Property.* An indictment under the larceny statute of 1893, which fails to allege the value of the property alleged to have been stolen, is fatally defective.

3. DEFECTIVE INDICTMENT—*Rule Applied.* Hence, an indictment which charges that the defendant "did fraudulently, feloniously, stealthily, take, steal, and carry away one cow, the same being the corporeal personal property of Lock Bros. & Allen, a firm composed of John Lock, Allen Lock, and Joe Allen, with intent to deprive the said Lock Bros. & Allen, the said firm composed of the said John Lock, Allen Lock, and Joe Allen, of said corporeal personal property," does not state facts sufficient to constitute a public offense under either the statute of 1893 or 1895.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before B. F. Burwell, District Judge.*

*J. A. Powers, Jarrett Todd,* and *J. R. Keaton,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* for defendant in error.

William H. Sullivan was convicted of the larceny of one cow, and he brings error. Reversed.

Opinion of the court by

HAINER, J.: The appellant, William H. Sullivan, was indicted, tried, and convicted in the district court of

Greer county for the crime of stealing a cow, and was sentenced for a term of five years in the territorial prison at Lansing, Kan. Motions for a new trial and in arrest of judgment were duly filed, overruled, and exceptions reserved. From this judgment and sentence the defendant brings the case here on appeal.

The first objection urged by the plaintiff in error is that the indictment does not state facts sufficient to constitute a public offense, and hence the court erred in overruling the demurrer thereto. The charging part of the indictment is as follows: "That William H. Sullivan and George Slaton, late of the county of Greer, aforesaid, on or about the 1st day of January, in the year of our Lord 1898, in the county of Greer and Territory of Oklahoma, aforesaid, did fraudulently, feloniously, stealthily, take, steal, and carry away one cow, the same being the corporeal personal property of Lock Bros. & Allen, a firm composed of John Lock, Allen Lock, and Joe Allen, with the intent to deprive the said Lock Bros. & Allen, the said firm composed of the said John Lock, Allen Lock, and Joe Allen, of said corporeal personal property."

In the case of *Hughes v. Territory*, this volume, p. 28, this court held that section 1, art. 1, ch. 20, Session Laws Oklahoma, 1895, which provides, "that if any person shall steal any stallion, mare, colt, gelding, ridgling, or any ass, genet or mule, or any bull, cow, calf, steer or stag, he shall be guilty of a felony, and on conviction thereof, shall be punished by confinement in the territorial penitentiary for a term of not less than one nor more than ten years," creates a separate and distinct offense from larceny, as defined by section 2371, Statutes of Oklahoma, 1893, and does not make the stealing of the domestic

animals named in such act grand larceny, without regard
to value.  Mr. Justice Burwell, after an able and ex-
haustive review of authorities, said:  "An examination
of the authorities will show that 'larceny' and 'stealing,'
at common law, had the same meaning; and consequently
stealing, as here defined, is the wrongful or fraudulent
taking and removing of personal property, by trespass,
with a felonious intent to deprive the owner thereof, and
to convert the same to his (the taker's) own use."  And
again:  "The legislature has modified the meaning of
the word 'larceny,' as used in the crimes act, so that the
taking of personal property, accomplished by fraud or
stealth, and with intent to deprive another thereof, is
larceny, regardless of whether or not it was taken for the
purpose of depriving the owner thereof, or for the pur-
pose of converting it to the use of the taker.  Thefefore,
while 'stealing' and 'larceny' at common law were synon-
ymous terms, our statute has given to the word 'larceny'
a much broader meaning than it then had, while 'steal'
or 'stealing' has not been defined by our statutes, and
must be construed according to its common-law mean-
ing."  Hence the indictment, when measured by these
requirements, wholly fails to state facts sufficient to con-
stitute a public offense under either the statute of 1893
or 1895.

The indictment is fatally defective under   the   1895
statute, for the reason that it fails to charge that the cow
was taken by the defendant with a felonious intent to
convert the same to his (the taker's) own use.   It is also
fatally defective under the 1893 statute, for the reason
that it does not allege the value of the animal charged to
have been stolen.  The demurrer  to   the   indictment
should therefore have been sustained.

Other errors are assigned, but, as the case must be reversed and remanded for a new trial, it is not necessary to review them here. The judgment of the district court is therefore reversed, and the cause remanded, with directions to sustain the demurrer to the indictment, and to resubmit the cause to the grand jury for further proceedings in accordance with the views herein expressed.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.