## ELMER ALBERT DUNN v. STATE.

No. A-2500. Opinion Filed November 7, 1917.

Rehearing Denied May 9, 1918.

(172 Pac. 463.)

1. **INDICTMENT AND INFORMATION—Larceny—Sufficiency of Information—Surplusage.** An information charging the larceny of live stock, which alleges an unlawful and felonious taking and asportation of the property without the consent of the owner, and with the felonious intent to deprive the owner thereof and to convert the said property to the use and benefit of the taker, contains all the essential elements of said crime. Matters of surplusage not misleading nor contradictory of the material elements as pleaded will not vitiate an information.

2. **CONTINUANCE—Absence of Witness—Diligence.** It was not error on the part of the trial court to refuse to grant a continuance, or to permit the defendant to read the testimony of a witness given in his behalf on a former trial, where the record shows that by the exercise of reasonable diligence the attendance of the witness, who at the time of the trial was within the jurisdiction of the court, could have been obtained.

3. **APPEAL AND ERROR—Examination of Witnesses—Argumentative Questions.** Where objection is made to certain questions

asked of the defendant by the prosecuting officer, and the court sustains such objection because said questions are argumentative, this court will not reverse a judgment of conviction merely because several argumentative questions were asked of the defendant, where the matters inquired about were proper subjects of inquiry had the question been put in the proper form.

*Appeal from District Court, Blaine County;*

*Thomas A. Edwards, Judge.*

Elmer Albert Dunn was convicted of larceny of live stock, and he appeals. Judgment affirmed.

*Woolman & Wishard,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. Elmer Albert Dunn was convicted in the district court of Blaine county of the larceny of two black mares, the property of one Wm. Fletcher, and sentenced to serve a term of eight years' imprisonment in the state penitentiary. From this judgment he has perfected an appeal to this court, and sets out three alleged errors, on account of which it is contended that the judgment should be reversed:

First. It is contended that the information upon which defendant was tried is insufficient and defective and indefinite, and does not inform the defendant with sufficient certainty of the crime charged against him. The information is subject to criticism on account of its prolixity. In order to make the allegations exceedingly specific the county attorney pleaded matters which were unnecessary surplusage, but all the necessary elements of the offense are pleaded with certainty and sufficient definiteness to make the information good under the decisions of this court and of the territorial Supreme Court in the following cases: *Hughes v. Territory,* 8 Okla. 28,

56 Pac. 708; *Sullivan v. Territory,* 8 Okla. 499, 58 Pac. 650; *Shires v. State,* 2 Okla. Cr. 89, 99 Pac. 1100; *Crowell v. State,* 6 Okla. Cr. 148, 117 Pac. 883.

It is next contended that the trial court erred in not permitting the defendant to introduce in evidence in this case the testimony of his brother-in-law, Erman Riley, given on a former trial of this case. The record discloses that the witness Riley was a resident at that time of Hughes county, Okla. His whereabouts had been known to the defendant long before the trial, and on the former trial he was able to obtain his attendance merely by telegraphing him to come. On this occasion, however, about six days before the trial he had a subpoena issued directed to the sheriff of Hughes county to obtain the attendance of said witness on the day set. The witness, however, failed to appear, and an application for a continuance based on his absence was presented to the court and overruled. The case then proceeded to trial, and as a part of his defense the defendant requested the court to permit him to introduce the testimony of the said Riley given on a former trial. The request was properly overruled. There is no showing made that the witness was without the jurisdiction of the court, that his whereabouts were unknown, or that he was dead, or any showing such as is required before the testimony of such witness given at a former hearing or trial is permitted to be used on a subsequent trial. On the contrary the showing is positive that the witness was alive and within the jurisdiction of the court; that by proper proceedings compulsory process would have obtained his attendance had proper diligence been used. Neither the ruling of the court in refusing the continuance, nor in permitting the testi-

mony given by the witness on a former trial to be introduced in this case, was erroneous.

Lastly, it is contended that certain alleged conduct on the part of counsel who assisted in the prosecution was prejudicial to the substantial rights of this defendant. Upon cross-examination of the defendant counsel for the state asked several questions which were largely argumentative, but the rulings of the court relative to these questions were at all times favorable to the defendant. It was the form of the questions rather than the substance thereof that was objectionable. No question was asked or answer permitted which was of itself prejudicial according to the previous rulings of this court. The case was hotly contested, vigorously prosecuted, and ably defended. The rulings of the trial court were fair and impartial, and after a careful examination of the record it is the unanimous opinion of this court that the defendant received a fair and impartial trial, and that the evidence is amply sufficient to sustain the conviction.

The judgment of the district court of Blaine county is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.