## CRAVENS v. STATE.

No. A-11686. Nov. 5, 1952.

(250 P. 2d 59.)

130

Owen F. Renegar, Oklahoma City. for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. The defendant, Samuel Durrell Cravens was charged jointly with his mother, Grace Cravens, in the district court of Pottawatomie county, with the crime of larceny of livestock, and on application of the defendant, a severance was granted and Samuel Durrell Cravens was tried before a jury on June 21, 1951, and the jury returned a verdict of guilty, but left the punishment to be assessed by the trial court, who thereafter, on July 13, 1951, entered judgment assessing defendant's punishment at ten years in the State Penitentiary, but at the same time entered an order that said judgment and sentence be suspended during the good behavior of the defendant; said defendant to report either in person or in writing to the district court of Pottawatomie county on the first Monday of January and July each year following.

Appeal from said verdict and judgment has been perfected to this court, counsel assigning two propositions of claimed error for reversal, as follows:

"Proposition One. The defendant is charged with the commission of two alleged crimes in the purported information and said information is thereby void and ineffectual.

"Proposition Two. The testimony does not support the judgment."

It is asserted under the first proposition that the information attempts to charge a conspiracy under Tit. 21 O.S. 1951 § 421, as well as a charge of larceny of livestock under Tit. 21 O.S. 1951 § 1716.

The charging part of the information reads:

"* * * that on or about the 21st day of September, 1950 and before the filing hereof, at and in said County and State, and within the jurisdiction of this court, the above-named Grace Cravens and Samuel Durrell Cravens then and there being, did then and there unlawfully, knowingly, wilfully, intentionally, wrongfully and feloniously commit the crime of larceny of livestock in that they, the said Grace Cravens and Samuel Durrell Cravens, while aiding and abetting each other, and acting in concert, did take, steal, and carry away from Rev. G. H. Hunt, a certain Guernsey cow weighing approximately 700 pounds and of the value of approximately $125.00 good and lawful money of the United States of America, without the consent and against the will of the said Rev. G. H. Hunt, and with the unlawful and felonious intent and purpose on the part of the said Grace Cravens and Samuel Durrell Cravens, and each of them, to convert said cow to their own personal use and benefit and to deprive the said Rev. G. H. Hunt of said cow permanently, contrary to the statutes in such case made and provided, and against the peace and dignity of the State."

Counsel does not contend that the information is defective in any way except in the respect above stated. It is at once apparent on reading the above information that it advised the defendant in plain and concise language of the charge that he had to meet. A felonious intent on the part of the taker to deprive the named owner of the described cow and to convert the same to the taker's own use is alleged. As this court said, paragraph one of the syllabus, in Dunn v. State, 14 Okla. Cr. 452, 172 P. 463:

"An information charging the larceny of livestock, which alleges an unlawful and felonious taking and asportation of the property without the consent of the owner, and with the felonious intent to deprive the owner thereof and to convert the said property to the use and benefit of the taker, contains all the es-

sential elements of said crime. Matters of surplusage not misleading nor contradictory of the material elements as pleaded will not vitiate an information."

From the question raised, does the fact that two persons were jointly charged with the stealing of the cow in question in any way change the rule announced in the above case? Tit. 21 O.S. 1951 § 172 reads:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Tit. 22 O.S. 1951 §§ 431 and 432 read:

"§ 431. Upon an indictment or information against several defendants, any one or more may be convicted or acquitted.

"§ 432. The distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried and punished as principals, and no additional facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

The argument of counsel for defendant to the effect that the information is duplicitous is without merit. No supporting authority is cited by defendant. Tit. 21 O.S. 1951 § 421 has no appilcation to the factual situation here stated.

The assertion that the testimony does not support the judgment is also without merit. It is argued that there was a conflict in the descripion of the cow and that the identification was not properly established.

The defendant did not testify and offered no evidence. The undisputed facts show that Rev. G. H. Hunt, a Methodist minister, owned a Guernsey milch cow; that she was spotted and described as "Guernsey colored"; that the cow was discovered to have disappeared when Rev. Hunt's wife went out to milk her on the morning of September 21, 1950; that she was tracked to the home of the defendant on a nearby farm and to a place where she was apparently loaded in a pick-up truck. Such a truck was found a few feet away in defendant's yard. Later, defendant confessed to having taken the cow and the cow was subsequently recovered through the people to whom defendant sold her. The mother, who was with the defendant when he sold the cow, assisted in the recovery and paid the purchasers back their money. One of the purchasers identified the defendant as the person selling him the cow that defendant had hauled to his home the night of September 20, 1950, between 12 o'clock midnight and 1 o'clock the morning of September 21.

Counsel argues that the evidence was circumstantial and other arguments are advanced that merit no comment, and, finally, claims that the punishment was excessive in the absence of a showing of prior conviction of defendant on charges of crime.

It will be noted that this defendant was by the court given a suspended sentence. This was with the view of encouraging the defendant to become a law-abiding citizen. The term was fixed with a view of acting as a deterrent, rather than for the purpose of punishment. Whether defendant will serve one minute of this sentence is largely within his power to determine. If he violates the law within the period of this sentence, he will have to pay the penalty. Defendant's future conduct will decide this.

The verdict and judgment are approved and affirmed.

BRETT, P. J., and JONES, J., concur.