**Michael David SULLINGER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–710.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1984.

As Corrected Feb. 17, 1984.

Mark Barrett, Special Counsel, Appellate Public Defender System, Norman, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Michael David Sullinger was convicted of Felony-Murder in the Second Degree in Cleveland County District Court. Punishment of ten (10) years' imprisonment was imposed.

The felony murder charge was predicated upon the theory that the homicide occurred during appellant's commission of Aggravated Assault and Battery on a Corrections Officer. 21 O.S.1981, § 650. Appellant asserts as his first proposition of error that the trial court committed reversible error in submitting the felony murder theory to the jury. We agree.

 In order for the taking of human life in the commission of a felony to constitute murder, the precedent felony must constitute an independent crime not included within the resulting homicide. See *Tarter v. State*, 359 P.2d 596 (Okl.Cr.1961) (Syllabus 6). The mainstream of cases hold that the felony murder doctrine is not applicable where felonious assault results in death, reasoning that the assault merges into the homicide. See Annot., 40 A.L.R.3d 1341, 1345 (1971), § 4.

Merger of the felony and the homicide obviates a felony murder conviction. This has been the rule in this state for many years. See *Jewell v. Territory*, 4 Okl.Cr. 53, 43 P. 1075 (1896) (Syllabus 7). For instance, in *Massie v. State*, 553 P.2d 186 (Okl.Cr.1976), we held that child beating could not be a predicate felony when the death of the child resulted from the beating. But see now 21 O.S.Supp.1982, § 701.-7(C).

In the present case, the evidence indicates that appellant struck a corrections officer at the Lexington Assessment and Reception Center. The officer, Rex Thompson, fell backwards, hitting his head on a three or four inch steel beam and a concrete sidewalk. Thompson died from blunt force injury to the head, according to the testimony of the medical examiner who performed an autopsy on the decedent. The violence attending the predicate felony was thus the prime component of the homicide, and the former merged into the latter.

The State suggests that the appellant acted with a felonious design collateral to and independent of the infliction of injury on the victim, hence the felony murder rule may apply. The State reasons that, since the crime of Aggravated Assault and Battery on an officer requires that the officer be "in the performance of his duties", 21 O.S.1981, § 650(A), the appellant necessarily entertained an independent "design to attack the sovereignty of the State".

The State's position is highly technical and not persuasive. The case relied upon, *People v. Mattison*, 4 Cal.3d 177, 93 Cal. Rptr. 185, 481 P.2d 193 (1971) (sale of methyl alcohol for consumption may form predicate for felony murder), is readily distinguishable. Cf. *People v. Taylor*, 11 Cal. App.3d 57, 89 Cal.Rptr. 697 (1970) (furnishing heroin may form predicate for felony murder conviction).

Accordingly, judgment and sentence is REVERSED and REMANDED.

BRETT, J., concurs.

BUSSEY, P.J., not participating.