Gregory A. SCHULTZ, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–355.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1988.

Rehearing Denied Feb. 23, 1988.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Gregory A. Schultz, was convicted in the District Court of Oklahoma County, Case No. CRF–84–3598, of Murder in the First Degree for which he received a sentence of life imprisonment. He appeals raising six assignments of error.

At about 8:30 p.m. on July 19, 1984, the appellant brought twenty-month old Lindsay Jones, daughter of Lisa Jones, the appellant's girlfriend, to Children's Memorial Hospital. Lindsay had been left with the appellant at his home in Oklahoma City, while Lisa took her son to the hospital because of an illness. At the trial, four physicians, one of whom was a medical examiner, testified that Lindsay had been severely beaten, and that as a result, she developed a cerebral hematoma which subsequently led to her death on July 27, 1984.

The appellant testified that he dropped Lindsay from waist high level while playing with her.

The appellant's first two assignments of error concern the information filed against the appellant. He first contends that the State tried him on a different theory than that charged in the information because it alleged that he and Lisa Jones, acting jointly, killed Lindsay Jones. The appellant cites *Gracy v. State*, 13 Okl.Cr. 643, 166 P. 422 (1917), and *Cole v. Arkansas*, 333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948) to support his proposition.

However, these two cases are distinguishable. In *Gracy*, the trial court instructed upon a separate and similar offense which was admissible "as part of the res gestae of the act charged," but which was clearly a separate offense. Because the jury returned a general verdict, this Court was unable to determine which of the two offenses was the basis for the verdict, and reversed the case. In *Cole*, the Supreme Court of the United States reversed a case where the defendants were charged and convicted under one statute, but the Supreme Court of Arkansas had affirmed the case based upon another statute, refusing to consider the validity of the statute under which the defendants were convicted. The information [1] in the case at bar charged the appellant and Lisa Jones, acting jointly, with beating Lindsay Jones and using unreasonable force which caused her death, citing section 701.7(C) of Title 21 [1982 Okla.Sess.Laws, ch. 279, § 1, now 21 O.S. Supp.1986, § 701.7(C)]. The fact that another person is charged jointly with a defendant, who is tried separately, does not change the essential elements alleged against that defendant. *Cravens v. State*, 96 Okl.Cr. 129, 250 P.2d 59 (1952). Title 22 O.S.1981, § 431 provides that "Upon an indictment or information against several defendants, any one or more may be convicted or acquitted." We find no error in the separate trial of the appellant. This assignment of error is meritless.

■ The appellant also contends that the information was not sufficiently specific concerning what acts he was accused of committing against the victim. We have held that a statement of the acts constituting the offense, in ordinary concise language, and in such a manner as to enable a person of common understanding to know what is intended, is all that is required by 22 O.S.1981, § 401. Sufficiency of an information is determined by whether the

defendant was misled by it and whether a conviction under it would expose the defendant to the possibility of being put in jeopardy a second time for the same offense. *Jefferson v. State*, 675 P.2d 443 (Okl.Cr.1984). The appellant does not argue that he was misled by the information in the case at bar, nor can we see how he would be exposed to double jeopardy for this offense. Accordingly, this assignment of error is also without merit.

■ In his third assignment of error the appellant argues that the merger doctrine prohibits him from being convicted of Murder in the First Degree because the crime of which he was convicted is basically a felony murder, and the predicate felony merges with the homicide. He cites *Tucker v. State*, 675 P.2d 459 (Okl.Cr.1984) to support his argument. *Tucker* holds that the underlying felony of Beating or Injuring Children, 21 O.S.1981, § 843, could not form the basis for a felony murder conviction because it was not independent of the homicide. However this Court has already recognized in dictum that since the enactment of subsection C of the Murder in the First Degree Statute, the rule stated above has changed.

Merger of the felony and the homicide obviates a felony murder conviction. This has been the rule in this state for many years. See *Jewell v. Territory*, 4 Okl. 53, 43 P. 1075 (1896) (Syllabus 7). For instance, in *Massie v. State*, 553 P.2d 186 (Okl.Cr.1976), we held that child beating could not be a predicate felony when the death of the child resulted from the beating. But see now 21 O.S.Supp. 1982, § 701.7(C).

*Sullinger v. State*, 675 P.2d 472, 473 (Okl. Cr.1984). *See also Hinton v. District Court of Oklahoma County*, 693 P.2d 1277 (Okl.Cr.1984). With the enactment of § 701.7(C) the legislature has clearly stated its intention that the use of unreasonable

---

1. The information stated:
   On or about the 19th day of July, 1984 A.D., the crime of Murder in the First Degree was feloniously committed in Oklahoma County, Oklahoma, by Lisa Jones and Gregory Schultz, who acting jointly, wilfully and unlawfully killed Lindsay Jones, age 20 months,

   by beating her and using unreasonable force upon her, which caused her death on the 27th day of July, 1984, contrary to the provisions of section 701.7(C) of Title 21 of the Oklahoma Statutes, and against the peace and dignity of the State of Oklahoma....

force upon a child, pursuant to 21 O.S.1981, § 843 is to be punished as Murder in the First Degree. Therefore this assignment of error is also without merit.

■ The appellant's fourth assignment of error complains that the trial court committed fundamental error by failing to instruct on appellant's defense theory of accident. He admits that no such instruction was requested by defense counsel but states that a defendant has a right to have his theory of defense instructed upon, and that failure to do so whether or not such an instruction was requested is reversible error. He cites *Dennis v. State*, 556 P.2d 617 (Okl.Cr.1976). We have held that:

> To necessitate an instruction on excusable homicide there must be some evidence of an accidental death and the evidence must establish that the defendant was 'involved in some lawful act, by lawful means, with usual and ordinary caution, without any unlawful intent.' *Johnson v. State*, 506 P.2d 963 (Okl.Cr. 1973).

*Hunter v. State*, 637 P.2d 871, 873 (Okl.Cr. 1981). In the case at bar there was no evidence that the victim's death was caused by an accident. Four medical experts examined the victim, all agreeing that the victim had multiple bruises over her head, inconsistent with accident or with a fall from three feet. The appellant put on evidence that the victim's mother mistreated her and had on previous occasions beaten her. The closing argument was based, not on the theory of accidental death, but on the theory that the child's mother must have beaten her before the appellant arrived home on July 19, 1984. Even if the appellant's testimony were believed that he dropped Lindsay Jones while playing with her, there is no evidence that the fall caused the death. Where there is an accident, but the evidence is uncontested that the accident is not the proximate cause of the death, then a failure to instruct on excusable homicide is not error, because "there must be some evidence of an accidental death." Therefore this assignment of error is likewise meritless.

■ In his fifth assignment of error the appellant alleges that the evidence was insufficient to support his conviction. The appellant argues that the uncontroverted evidence reveals he did nothing more than drop Lindsay accidentally on one occasion. He adds that this evidence was uncontradicted that such dropping could not have caused severe injury to the child. In reviewing the sufficiency of the evidence we are required to determine if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *VanWoundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986). The evidence is reviewed in the light most favorable to the prosecution. *VanWoundenberg*, 720 P.2d at 333. Such a review in this case reveals that sufficient evidence was presented. The State necessarily relied upon circumstantial evidence that the child was abused. The four physicians who testified all agreed that the extent of Lindsay's injuries led them to conclude that she was abused, and that those injuries were recent. The medical examiner testified that the child's death was caused by a severe trauma to the head which resulted in a subdural hematoma, and led to acute bronchopneumonia. The physicians agreed that the accident described by the appellant could not have resulted in the extent of her injuries. The appellant admitted that Lindsay was in his sole care during the time she received the injury which caused her to lose consciousness. He testified that when the child's mother left Lindsay with him he observed no bruises on her. Having reviewed the transcript of the trial, we conclude that this assignment of error is meritless.

■ Finally, the appellant maintains that newly discovered evidence which allegedly was available to the prosecution but undisclosed to the defense prior to trial requires that the appellant be granted a new trial. In *Marlow v. City of Tulsa*, 564 P.2d 243 (Okl.Cr.1977) this Court set out the following test for whether or not a trial court has abused its discretion in refusing to grant a new trial:

> 1) Is the evidence material? 2) Did the accused or his counsel exercise due dil-

igence to discover the evidence before the trial? 3) Is it cumulative? 4) Is there a reasonable probability that if the newly discovered evidence had been introduced at the trial it would have changed the results.

*Marlow*, 564 P.2d at 245. The evidence upon which the motion for a new trial was based concerned a neighbor of the appellant who testified that she saw a black man previously abuse Lindsay Jones and her brother, and that the man's car had been at the appellant's residence (at a time when the appellant would have been gone to work) on July 19, 1984.[2] However, such evidence does not meet two of the elements of the *Marlow* test. The basic defense of the appellant was that Lisa Jones abused her daughter. Given evidence of this by witnesses during the appellant's case-in-chief, the jury still found the appellant guilty. The new evidence is therefore cumulative in the sense that the appellant is arguing that someone else had the opportunity to inflict the injuries on Lindsay. Furthermore the argument that Lisa Jones could have inflicted the injuries was stronger than the evidence the appellant now presents that another party could have inflicted the injuries and we cannot see how there is a reasonable probability that the newly discovered evidence if introduced at the trial would have changed the result. We find this assignment of error to have no merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.

---

**2.** The record reveals that Lindsay Jones' father is black, and Lisa Jones is white.