**Brad Noble PALMER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–90–1005.

Court of Criminal Appeals of Oklahoma.

March 1, 1994.

Jeff Nix, Tulsa, for appellant.

Susan Brimer Loving, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

### OPINION

STRUBHAR, Judge.

Appellant, Brad Noble Palmer, was tried by jury for the crime of Murder in the second degree, in violation of 21 O.S.1981, § 701.8(1), in Case No. CRF–89–102 in the District Court of Texas County. The jury found appellant guilty of Murder in the second degree and recommended punishment of twenty-five (25) years imprisonment. The trial court sentenced appellant accordingly. From this judgment and sentence appellant has perfected his appeal to this Court.

On April 14, 1984 Ryan Richardson, his brother Phil Richardson and appellant met at the Richardson residence after their classes at Panhandle State University. According to Phil Richardson, appellant pulled out a large bag of cocaine and told the Richardson brothers that it was very potent. Both Ryan and Phil were cocaine addicts, who smoked, snorted and injected cocaine on a regular basis. Appellant gave one of the rocks to Ryan to prepare to use intravenously. Ryan dissolved the rock and filled a syringe. Ryan tied a belt around his arm and injected the cocaine into his vein while Phil looked on. Ryan had a reaction immediately. Ryan jumped out of his chair backwards, fell to the ground and began convulsing. Phil rushed to Ryan's aid and began CPR. Phil called to appellant for help, but appellant gathered his belongings and left. Phil continued CPR until someone arrived and went for help. Officer McAnarney responded and assisted Phil with CPR. Shortly thereafter, the ambulance arrived and Ryan was transported to a hospital in Guymon where he was pronounced dead.

Phil Richardson testified that every time he and Ryan used cocaine, appellant supplied it. Phil also related two incidents that occurred two weeks prior to Ryan's death wherein both Phil and Ryan had severe reactions to cocaine obtained from appellant. On March 29, 1984 Ryan smoked cocaine causing his epiglottis to swell such that he could not breath. Phil took Ryan to the hospital where he was treated and he recovered. On the following day Phil went to Appellant's apartment to tell him what had happened to Ryan. While there Phil injected himself with cocaine. He remembered his legs twitching before he passed out. When he awoke, appellant was giving him mouth to mouth resuscitation and told him that he had not breathed on his own for five minutes.

Sherry Costner, Stacy Miller, John Atkins, Rick Naifeh and Jan Poindexter testified that appellant told them he gave the cocaine to Ryan Richardson on April 14, 1984. John Atkins and Rick Naifeh testified that appellant not only told them he gave or sold Ryan the cocaine, but that he injected Ryan.

Appellant took the stand in his own defense and denied giving Ryan any cocaine on April 14, 1984. Appellant testified that Ryan and Phil were already high on cocaine when appellant arrived after class. Appellant testified that he went into a bedroom to study while Phil and Ryan continued to use their cocaine. Appellant said Phil called to him several times to come and join them, but he declined. Finally, Phil called out insisting that appellant come to the kitchen. When appellant walked in the kitchen he saw Ryan on the floor bleeding heavily from his mouth. Appellant claimed he told Phil they had to call for help. He testified that Phil refused to call for help until he could dispose of the syringes and cocaine. Appellant said he left because Phil refused to do the "right thing". On cross examination appellant admitted that he knew drugs were dangerous and that if you give people cocaine, they could die.

In rebuttal, Officer Keating testified that appellant told him that he brought the cocaine to Ryan on April 14, but did not inject him.

In his first assignment of error, appellant asserts that the evidence is insufficient to sustain his second degree murder conviction. Specifically, appellant contends that the

State failed to prove that he engaged in conduct that was imminently dangerous and evinced a depraved mind. Appellant argues that giving or selling an addict cocaine is not conduct which is imminently dangerous or evinces a depraved mind within the meaning of 21 O.S.1981, § 701.8(1). After a review of the record, we disagree.

Title 21 O.S.1981, § 701.8, provides in pertinent part,

Homicide is murder in the second degree in the following cases:

1. When perpetrated by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual.

In the present case, the jury was instructed that,

No person may be convicted of murder in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First*, the death of a human; *Second*, caused by conduct which was imminently dangerous to another person; *Third*, the conduct was that of the defendant; *Fourth*, the conduct evinced a depraved mind in extreme disregard of human life. OUJI–CR 449

A person may be convicted of murder in the second degree if he engages in conduct imminently dangerous to another person that shows a depraved mind in extreme disregard of human life, although the conduct is not done with the intention of taking the life of or harming any particular individual. OUJI–CR 450

Conduct shows a depraved mind where it demonstrates extreme indifference to human life, regardless of consequences, by unjustifiably creating what a reasonable person would realize to be an extremely high degree of risk of death to another or to others, although the conduct is not done with the intention of taking the life of or harming any particular individual. OUJI–CR 451

■■■ This Court has yet to define "depraved mind". The Court has held the State need not prove that a defendant had a design to effect death or that he had an intent to injure anyone to sustain a conviction for second degree murder. *Smith v. State*, 674 P.2d 569, 571 (Okl.Cr.1984). The State need only prove that the act alleged to evince a depraved mind was intentional. *Id.* In *Massie v. State*, 553 P.2d 186, 191 (Okl.Cr. 1976), we held that the act or conduct must be "calculated" to put life in jeopardy and "perpetrated with the full consciousness of the probable consequences". *See also, Jewell v. Territory*, 4 Okl. 53, 43 P. 1075, 1082 (1896). In *Quilliams v. State*, 779 P.2d 990, 991 (Okl.Cr.1989), we found that § 701.8(1) only requires proof of an act imminently dangerous "to another person".

This Court has never fully adopted OUJI–CR 451's definition of depraved mind. In *Castro v. State*, 745 P.2d 394, 402 (Okl.Cr. 1987), *cert. denied*, 485 U.S. 971, 108 S.Ct. 1248, 99 L.Ed.2d 446 (1992), we held that the trial court's instructions incorporating OUJI–CR 450 and a portion of 451 adequately advised the jury on the law.

■■■ After thoughtful consideration of our prior case law, we find that we should condense our standing instructions concerning second degree "depraved mind" murder and adopt specific definitions for "depraved mind" and "imminently dangerous conduct". Thus, trial courts are directed to instruct the jury as set forth below.

No person may be convicted of murder in the second degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are: *First*, the death of a human; *Second*, caused by conduct which was imminently dangerous to another person(s); *Third*, the conduct was that of the defendant(s); *Fourth*, the conduct evinced a depraved mind in extreme disregard of human life; *Fifth*, the conduct is not done with the intention of taking the life of or harming any particular individual.

Depraved mind—a person evinces a depraved mind when he engages in imminently dangerous conduct with contemptuous and reckless disregard of, and in total indifference to, the life and safety of another.

Imminently dangerous conduct—conduct is imminently dangerous where the conduct creates what a reasonable person would realize as an immediate and extremely high degree of risk of death to another person.

 The above instruction shall be used in place of OUJI–CR 449, 450 and 451. Under the facts of this case, appellant's conduct could reasonably be construed as imminently dangerous and evincing a depraved mind. There was sufficient evidence to prove that appellant gave Ryan Richardson a rock of very potent cocaine knowing he had suffered a severe reaction to cocaine two weeks prior to his death. By his own admission, appellant knew drugs were dangerous and that if you give someone cocaine they could die. Although appellant did not intend to kill Ryan when he gave him a rock of cocaine, a reasonable person in appellant's position would have known that giving Ryan very pure cocaine was imminently dangerous and created a high degree of risk of death. We do not hold, however, that every delivery of a controlled dangerous substance resulting in death constitutes second degree murder.

It is well settled that where there is competent evidence from which the jury could reasonably conclude the defendant was guilty as charged, this Court will not interfere with the verdict despite a conflict in the evidence from which different inferences may be drawn. *Smith*, 674 P.2d at 572. We find there was sufficient evidence to prove appellant's conduct was inherently dangerous and evinced a depraved mind.

In his second assignment of error appellant asserts that the trial court erred when it failed to instruct the jury on first and second degree manslaughter. Appellant submits that the evidence warranted first and second degree manslaughter instructions despite defense counsel's failure to request such instructions.

Both the Supreme Court and this Court have held that an accused is not entitled to a lesser included offense instruction where the lesser included offense is barred by the statute of limitations. *Spaziano v. Florida*, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984); *Williamson v. State*, 812 P.2d 384, 399 (Okl.Cr.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1592, 118 L.Ed.2d 308 (1992). 22 O.S.Supp.1985, § 152 prohibits prosecution for first and second degree manslaughter commenced more than three years after the commission of the offense. Appellant was charged five years after the death of Ryan Richardson. Therefore, appellant was not entitled to instructions on first or second degree manslaughter as both offenses were barred by the statute of limitations.

Additionally, manslaughter instructions were not warranted in this case because appellant took the stand and denied giving Ryan Richardson cocaine on April 14, 1984. It is well settled that when a defendant, who has a right of election as to several defenses, takes the stand as a witness and makes such admissions as to render every theory of defense unavailable save one, he will be deemed to have elected that one. *Williamson v. State*, 812 P.2d at 399. As such, the trial court need not instruct on alternative theories of defense where the evidence does not support that theory of defense. *Foster v. State*, 657 P.2d 166, 171 (Okl.Cr.1983). Appellant claimed he was innocent of any wrongdoing rendering instructions on manslaughter incompatible with his theory of defense.

Accordingly, the judgment and sentence is **AFFIRMED.**

LUMPKIN, P.J., JOHNSON, V.P.J., and LANE and CHAPEL, JJ., concur.