**STATE of Oklahoma, Appellant,**

v.

**Beryl R. McCANN, Appellee.**

**No. S–95–606.**

Court of Criminal Appeals of Oklahoma.

Nov. 27, 1995.

---

**24.** Judge Owens was appointed to replace Judge Strubhar who recused.

James Thornley, District Attorney of the 19th Judicial District, Maria Tasi Malowney, Assistant District Attorney, Durant, for Appellant.

Garvin A. Isaacs, Scott K. Suchy, Oklahoma City, for Appellee.

### OPINION

STRUBHAR, Judge:

Appellant, State of Oklahoma, appeals the order of the District Court of Bryan County, sustaining McCann's demurrer to the Information charging him with Second Degree Felony Murder. *See* 22 O.S.1991, § 1053. The State alleged in its Information that McCann caused his wife's death while engaging in unlawful delivery of a controlled dangerous substance by repeatedly issuing, having issued and administering excessive quantities of dangerous drugs to her knowing she was a drug-dependent person. After an extensive preliminary hearing, McCann was bound over on the charge of Second Degree Felony Murder. Prior to trial McCann reurged his Demurrer, Motion to Dismiss, Quash and Set Aside the Information and Plea in Abatement. The trial court initially overruled McCann's motion, but later reconsidered its ruling and sustained McCann's demurrer to the Information. The trial court found that the appropriate charge was Second Degree Depraved Mind Murder based on this Court's decisions in *Tucker v. State*, 675 P.2d 459 (Okl.Cr.1984) and *Palmer v. State*, 871 P.2d 429 (Okl.Cr.1994). The trial court permitted the State to file an amended Information charging depraved mind murder. The State refused and this appeal followed.[1]

The trial court found that the merger doctrine prohibited the State from charging McCann with Second Degree Felony Murder because the underlying felony of unlawful distribution of a controlled dangerous substance merged with the homicide. *Tucker*, 675 P.2d at 461. While the trial court is correct that the State could not charge McCann with second degree felony murder, the doctrine of merger is inapplicable in this case.

█  "In order for the taking of human life in the commission of a felony to constitute murder, the precedent felony must constitute an independent crime not included within the resulting homicide." *Sullinger v. State*, 675 P.2d 472, 473 (Okl.Cr.1984). This Court has held that the felony murder doctrine is not applicable where a felonious assault results in death, reasoning that the assault merges into the homicide. *See Sullinger*, 675 P.2d at 473 (aggravated assault and battery on a corrections officer merged into homicide); *Tucker*, 675 P.2d at 461 (beating or injuring children merged into homicide); *Massie v.*

---

1. On June 7, 1995, this Court denied Appellant's Petition for a Writ of Prohibition and directed the court clerk to file a state appeal separate from the prohibition proceedings. *See* No. P–95–231.

*State,* 553 P.2d 186, 191 (Okl.Cr.1976) (child beating merged into homicide).

However, this Court has also recognized that the merger rule changes when the legislature enumerates a crime in the felony murder statute. *See Price v. State,* 782 P.2d 143, 149 (Okl.Cr.1989); *Drew v. State,* 771 P.2d 224, 228 (Okl.Cr.1989); *Schultz v. State,* 749 P.2d 559, 561–62 (Okl.Cr.1988). Such enumeration shows the legislature's intent to punish deaths which occur during the commission of an enumerated felony as felony murder. *Price,* 782 P.2d at 149.

 Title 21 O.S.1991, § 701.7(B) provides in pertinent part:

> B. A person also commits the crime of murder in the first degree when he takes the life of a human being, regardless of malice, in the commission of ... unlawful distributing or dispensing of controlled dangerous substances....

Second degree felony murder occurs when a person engages in the commission of *any* felony other than the unlawful acts set out in section 701.7(B) which results in death. 21 O.S.1991, § 701.8(2).

Because unlawful distribution of a controlled dangerous substance is an enumerated felony for first degree felony murder, it cannot serve as the basis for a second degree felony murder charge. *Id.* Therefore, the State cannot charge McCann or anyone else with second degree felony murder if the underlying felony is unlawful distribution of a controlled dangerous substance. This does not mean that the State cannot charge McCann with second degree depraved mind murder. *See Palmer v. State,* 871 P.2d at 433 (holding distribution of a controlled dangerous substance which results in death can constitute second degree depraved mind murder). The State's choices are to charge McCann with first degree felony murder or some lesser degree of homicide.

Contrary to Appellant's brief, the only issue before this Court is whether the trial court erred in sustaining McCann's demurrer to the Information charging second degree

felony murder based on its ruling of March 6, 1995. Therefore, the issues raised in Appellant's Proposition's II and III are not before this Court and will not be addressed.[2]

The order of the trial court sustaining McCann's demurrer to the Information charging second degree felony murder is AFFIRMED. The State may amend the Information within twenty (20) days from the date of this opinion.

JOHNSON, P.J., CHAPEL, V.P.J., and LUMPKIN and LANE, JJ., concur.

**2.** Proposition II: When a defendant's actions give rise to more than one potential charge, it is the prosecutor's prerogative to decide which charge to file. Proposition III: The evidence presented to the magistrate does support a probable cause finding regarding the crime charged.